**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 28, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MONICA WHITE,

      Plaintiff-Appellant,

v.

EDWARD T. SCHAFER, Secretary,
United States Department of
Agriculture,

      Defendant-Appellee.

No. 10-1481
(D.C. No. 1:08-CV-01874-MSK-KMT)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **ANDERSON**, and **HOLMES**, Circuit Judges.

---

Monica White, a former employee of the National Forest Service, appeals

from the district court's entry of summary judgment in favor of the Secretary of

the United States Department of Agriculture, on her claims of sex discrimination

and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§§ 2000e to 2000e-17, and violations of the Privacy Act, 5 U.S.C. § 552a(b).[1]  We have reviewed the district court's opinion and order de novo under the standards set forth in Rule 56 of the Federal Rules of Civil Procedure[2] and affirm.[3]

As a starting point, we commend the district court for its thorough and well-reasoned published opinion and order granting the Secretary's motion for summary judgment.  We also adopt and incorporate by reference its lengthy recitation of the background facts pertaining to White's claims.  *See White v. Schafer*, 738 F. Supp. 2d 1121, 1125-31 (D. Colo. 2010).  Having carefully considered the summary judgment record and the arguments advanced by White on appeal, we affirm the district court's decision for substantially the same reasons it articulated.  *Id.* at 1131-42.

Our analysis of the issues raised on appeal is limited.  White is foreclosed from asserting disparate treatment and retaliation claims under Title VII based on the changes in her job responsibilities, about which she complained in January 2006.  The district court explicitly found she had only exhausted the disparate

---

[1]     In the district court proceedings, White asserted an additional Privacy Act claim under 5 U.S.C. § 552a(e)(10), but she has abandoned the claim on appeal. *See* Aplt. Opening Br. at 18 n.7.

[2]     Following the entry of the district court's opinion and order on September 7, 2010, Rule 56 of the Federal Rules of Civil Procedure was amended, effective December 1, 2010.  However, none of the amendments are material to the issues in this appeal.

[3]     Our jurisdiction derives from 28 U.S.C. § 1291.

treatment and retaliation claims she made in her administrative Equal

Employment Opportunity (EEO) case, to wit: those related to the separate and

distinct changes in her job responsibilities which occurred in May 2006.

*Id.* at 1131-33. She has utterly failed, in either her opening or reply brief, to

challenge the district court's ruling that her January 2006 disparate treatment and

retaliation claims had not been exhausted. *See LifeWise Master Funding v.*

*Telebank*, 374 F.3d 917, 927 n.10 (10th Cir. 2004) (holding appellant waived

right to appeal rulings of the district court it did not substantively address in its

opening brief). Specifically, she has made absolutely no showing regarding the

nature of the claims actually litigated in her EEO case,[4] and we decline to scour

the record in an attempt to discover those critical facts. Accordingly, like the

district court, we limit our analysis of White's disparate treatment and retaliation

claims to "sex discrimination and retaliation, in the form of Mr. Yancey deciding

on [May] 22, 2006 to disregard the terms of the mediation agreement [entered

into on February 28, 2006] and assign her to more than 50% range work." *White*,

738 F. Supp. 2d at 1133.

With regard to properly preserved and exhausted disparate treatment and

retaliation claims – the changes in White's job responsibilities which occurred in

---

[4] Although White has set forth arguments in her reply brief explaining why her earlier claims based on changes in her job responsibilities are not time-barred, *see* Aplt. Reply Br. at 12-14, she has not demonstrated the earlier claims were in fact litigated in the EEO proceedings she commenced on May 25, 2006.

May 2006 – we adopt the reasoning of the district court. The decision to increase White's "range" duties was not an adverse employment action for purposes of either her disparate treatment claim or her retaliation claim. *Id.* at 1133-36. Her job duties historically included a significant amount of range work, so the increase was not a significant or material change to the terms and conditions of her employment.

White's opening brief claims the corresponding decrease in her "wildlife" duties made her less competitive for other job opportunities, but her argument regarding lost job opportunities is based solely on several lines of conclusory testimony in her EEO case. *See* Aplt. Opening Br. at 27 (citing Aplt. App., Vol. II at 437, p. 97:19-98:3).

With regard to her hostile work environment claim, we again agree with the district court's analysis of the allegedly discriminatory comments White attributed to her supervisors and coworkers. *See White*, 738 F. Supp. 2d at 1137-39. White failed to produce sufficient evidence demonstrating her exposure to an "objectively" hostile work environment. *Id.* at 1139 (emphasis omitted).

Finally, to support her Privacy Act claim, White relies on the deposition testimony of Jack Neuman. *See* Aplt. Opening Br. at 57. However, as correctly noted by the Secretary in his response brief, *see* Aplee. Br. at 57-58, Neuman's testimony does not establish that he "retrieved" White's EEO Record of

Investigation from a "system of records" as required to establish a violation of the Privacy Act, *see* 5 U.S.C. § 552a(a)(5) and (b). Further, even if "[t]he U.S. Department of Agriculture [has] specifically identified employee complaints of discrimination and investigation reports into those complaints as records it maintains in a system of records . . .," Aplt. Opening Br. at 57 (citing 7 C.F.R. § 1.123), White has nonetheless failed to point to specific record evidence showing such a system of records existed for purposes of this case. Simply put, as the district court explained, "[t]he requirement that the disclosed record have been obtained from a 'system of records' is a specific, fact-based inquiry that examines how the information was obtained *in the particular circumstances of the case*," *White*, 738 F. Supp. 2d at 1141, and White failed to make such a specific showing.

    **AFFIRMED**.

Entered for the Court


Terrence L. O'Brien
Circuit Judge